B. S. HUTCHINS, Appellant, v. JAMES R. HANNA et al., Appellees.

MUNICIPAL CORPORATIONS: Public Improvements—Taking Part of Private Property and Assessing Benefits on Remainder—Constitutional Law. (1) The definite constitutional provision *that the compensation payable for private property taken for public purposes shall not be reduced by benefits received by such owner by reason of the improvement resulting from such taking,* and (2) the equally definite and undoubted constitutional power *to tax, generally, or by means of special assessments,* are distinct and separate provisions, govern distinct and separate proceedings, are of equal sanctity; and, in so far as they present any apparent verbal conflict, the former must be construed as limited by the latter.

It follows that a statute which, under the power of eminent domain, authorizes the taking of private property for a public street on payment of the resulting damages, is not violative of the Constitution because, under the taxing power, in order to pay for such improvement, it authorizes assessments, according to benefits, against all property specially benefited, *including that part of the property of such owner which remained after such taking.* (See Const., Art. 1, Sec. 18; Art. 7, Sec. 7; Sec. 751, Code Supplemental Supp., 1915.)

*Appeal from Polk District Court.*—W. S. AYERS, Judge.

THURSDAY, APRIL 5, 1917.

SUIT in equity to restrain defendants, and in effect the city of Des Moines, from taking further steps to open a

street, and from expending any money therefor. A de-
murrer to the petition was sustained, the petition dismissed,
and plaintiff appeals.—*Affirmed.*

*R. P. Thompson, Dale & Harvison* and *S. F. Prouty,*
for appellant.

*H. W. Byers, Guy A. Miller, Thomas Watters, Jr., Eskil
Carlson* and *Earl M. Steer,* for appellees.

SALINGER, J.—I. It is very difficult to
gather from the record what interest appel-
lant has in this appeal and what he expects
to accomplish for himself by the appeal.
But all parties agree, and we therefore as-
sume, that the following matters present
what we are to decide:

MUNICIPAL
CORPORATIONS:
public improve-
ments: taking
part of private
property and
assessing bene-
fits on remain-
der: constitu-
tional law.

The defendant city of Des Moines will, unless re-
strained, open Fifth Street, establish a grade for same as
extended, and assess the cost of such improvement against
adjacent and abutting property according to the benefit
derived by such property from such improvement. Section
751, Supplemental Supplement to the Code, 1915, authorizes
such improvement and such assessment. The trial court was
asked to restrain defendant, and thereby to hold that said
statute contravenes Section 18 of Article 1 of the Constitu-
tion, which prohibits taking benefits into account in com-
pensating for the taking of private property for public use.
The court declined so to rule. Hence this appeal. In sup-
port of it, appellant says:

If said statute is acted upon, the owner is given his
damages and then is made to suffer a reduction of the dam-
ages because his property is charged with the benefits he
has received; that construing said statute violates the Con-
stitution by a resort to indirection, and that whatsoever
the Constitution prohibits, when done outright, may not be

accomplished by any method. Appellees respond that charging the abutting property is not an exercise of eminent domain, but of the taxing power; that, though thus taxed, the owner has been once fully compensated, and that so taxing his property does not constitute a taking into consideration the advantages derived from the improvement. We are unable to reach a decision upon these lines alone.

Section 18 of Article 1 of the Constitution provides, so far as is material here, that advantages derived from an improvement cannot be considered in ascertaining what compensation shall be made him whose property is taken for such improvement. Assessing the property for and to the extent of the benefit it has derived from the improvement *does* take such advantages into account. That they are taken into account by means of using the taxing power does not change that the compensation is diminished by making the owner pay for benefits received. If, then, nothing is to be regarded except the aforesaid single constitutional provision, the statute is void. But, though the fact that it is the taxing power that compels the owner to pay for benefits does not alter that he is made to pay for them, it does not follow that thus compelling him to pay violates the Constitution.

Though appellees err in claiming that assessing the abutting property is not a taking into account of the benefits derived, and perhaps do not argue that the legislature may validly permit such assessment, we are not at liberty to declare the statute void if for any reason it can be upheld. As already intimated, the question here must be resolved by determining whether constitutional provisions other than Section 18 of Article 1 have any effect upon that provision, and, if so, what effect.

Section 30 of Article 3 provides that the general assembly shall not pass local or special laws in the following,

among other, cases: (1) For the assessment and collection of taxes for state, county or road purposes; (2) for laying out, opening and working roads and highways; (3) for the incorporation of cities and towns; (4) for vacating roads, town plats, streets, alleys or public squares. The section proceeds to say that, in the cases above enumerated, among others, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state. Section 7 of Article 7 is that every law which imposes, continues or revives a tax shall distinctly state the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such tax or object.

The said provisions of Article 3 and Article 7, reasonably construed, authorize the legislature to create municipal corporations and give them the power to raise by taxation the expense of doing whatsoever the corporation is authorized to do. It lies on the surface that we must give consideration to these grants in the Constitution, as well as to the provisions of the article on the exercise of the power of eminent domain.

The provisions of Section 18 of Article 1 are, in general terms, that whenever private property is taken for public use, the compensation due cannot be diminished by considering benefits. Articles 3 and 7 of the same instrument authorize the city to raise taxes wherewith to pay for improvements made. We take judicial notice that, in making such improvements, the city must often use the power of eminent domain. Of course, the city must pay compensation when it takes property for public use. Equally of course, it must obtain the means to pay by some form of exercising the taxing power which the Constitution gives to it. Are we to say that the Constitution authorizes a city to make improvements, obliges it to compensate those whose property is taken for the improvement, gives no pow-

er to pay unless taxation is resorted to, and at the same time prohibits the use of at least one form of taxation, to wit, assessment according to benefit?

We held in *Hunter v. Colfax Consolidated Coal Co.*, 175 Iowa 245, that construing Constitutions is done under the rules for construing statutes, and that, in interpreting the Constitution, the court should consider all matter *in pari materia;* and all provisions on the same subject matter shall, if possible, be given effect. And see *Williams v. Cammack,* 27 Miss. 209.

The essential question we have has really not been argued at all: that is, What is the result of all constitutional provisions on the subject? Or, in concrete form, Is the provision that benefits may not be taken into consideration a limitation upon the taxing power, in whole or in part, or does the grant of the taxing power qualify the prohibition against considering benefits? The Supreme Court of Ohio, in *City of Cleveland v. Wick,* 18 Ohio St. 303, held that the taxing power qualifies the limitations upon deducting benefits from compensation due. That court overruled the *Wick* case in *Cincinnati, L. & N. R. Co. v. City of Cincinnati,* 57 N. E. 229. One judge dissented. Another concurred, but disagreed from the reasoning, saying:

"The proposition that the value of lands condemned for a street must be paid for from the general fund of the municipality, or from a fund raised by general taxation, virtually destroys the power of assessment, is contrary to the practice that has prevailed under the present Constitution, and is unsupported by any reported case."

It should be added that the majority view was adhered to in *City of Dayton v. Bauman,* (Ohio) 64 N. E. 433.

If we follow the majority in the later Ohio cases aforesaid, we must hold that the legislature has no power, in a case where a city condemns land for a public improve-

ment, to permit it to take from the owner any part of his damages by means of assessing his property for the benefits derived from the improvement. It seems to us we may not do this unless we are prepared to hold that one provision of the Constitution is effective and other provisions are of lesser sanctity and effect; in other words, we must nullify that part of the grant of power to tax which consists of assessment according to special benefit, and, as will presently appear, annul the whole grant of the taxing power in many instances. And this, though we have held, as have other jurisdictions, that the Constitution sanctions assessments upon abutting property according to special benefits received. We said, in *Munn v. Board of Supervisors*, 161 Iowa 26:

"Nothing is to be found in the Constitution of this state limiting the power of the legislature to delegate the authority to levy special assessments, save as it denies the right to take property without due process of law."

It is said in the syllabus to *Williams v. Cammack*, 27 Miss., at 210:

"It has been repeatedly held by states whose Constitutions are similar to that of Mississippi, and sometimes identical with the terms under consideration, that the legislature has the power to impose a tax on a local district for the construction of local public improvements, and that such acts are not in conflict with their constitutional restrictions."

Shall we then say that a city may make improvements, take land for the purpose, pay the owner his damages, but that no special assessment may be levied against the remaining property of the owner, although such assessment is sanctioned by one provision in the Constitution? Shall we say, because one provision in the Constitution provides for cases generally that the benefits derived by the owner may not be considered, that, therefore, another provision which

provides the means of paying compensation shall not be operative? Where does this lead? If the property remaining may not be taxed for a benefit received distinct from the public generally, then the general taxpayer who receives only general benefit must pay for the special benefit received by one taxpayer. This would be saying that one who receives more benefit than all the others shall be exempt from all payment therefor, and that the others shall make it. It would read into the Constitution exemption from tax because part of the property of one taxpayer has been seized for public uses. Nor is this all. If Section 18 of Article 1 prohibits the exercise of the taxing power effectuated by special assessment, and on the ground that to exercise it would indirectly take benefits received into consideration, then general taxation of the property, a part of which was taken, is also prohibited. The difference is one of degree merely. If the Constitution means that special assessment upon the property remaining is to take into account advantages derived, then collecting $1 from the owner of the property by means of general taxation, for the purpose of paying for the land taken from that owner, is just as much prohibited. A single dollar taken from him by either method of taxing, which goes to pay for the property taken, diminishes the payment the owner has received, and to that extent makes him pay for what has been taken. We held, in *Hunter v. Colfax Consolidated Coal Co.*, 175 Iowa 245:

"It is not a sufficient ground for the interposition of the judiciary that in a sense the tax is to be used for what is both a private and a public benefit, or that others than taxpayers are benefited."

And see *Charlotte, C. & A. R. Co. v. Gibbes,* 12 Sup. Ct. Rep. 255; *County of Mobile v. Kimball,* 102 U. S. 691; and *Brodhead v. Milwaukee,* 19 Wis. 658.

*Village of Norwood v. Baker,* 172 U. S. 269, 278 (19

Sup. Ct. Rep. 187, 196), has no application to this case. It does not hold that special assessment violates constitutional provisions prohibiting the taking of benefits into account, but that a special assessment, to be valid, must not be for more than the special benefits received.  If it have any bearing, it is that special assessments are, in and of themselves, not prohibited, but assessing for more than is received is taking property without due process of law.

We are of opinion that, construing the provisions of the Constitution together, as we should, the result is that while, in cases generally, the compensation for taking private property for public use may not be diminished by offsetting advantages derived by him whose property is taken for improvement, this does not nullify the taxing power, and that, where a city or town takes private property for a public use, it may levy an assessment upon the property abutting upon the improvement, as is provided in said Section 751 of the Code.  It follows that said statute does not contravene the Constitution, and the judgment and order below must be, and are hereby,—*Affirmed.*

GAYNOR, C. J., LADD, EVANS and PRESTON, JJ., concur.